UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ANDREW HOWARD TURNER, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 4:18-CV-679 AGF |
|  | ) |  |
| TROY STEELE, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**MEMORANDUM AND ORDER**

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $10.00, which is twenty percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

**The Complaint**

Plaintiff, a prisoner at Eastern Reception Diagnostic and Correctional Center ("ERDCC") brings this § 1983 action against the following employees of ERDCC: Troy Steele (Warden); Shelly Joplin (Litigation Coordinator); Abby Montgomery (Litigation Coordinator); Amy Pratt (Caseworker, Functional Unit Manager); Matthew Pultz (Caseworker); Miss Brewer (Caseworker); Mr. Eaton (Caseworker); Miss String (Caseworker); and Mr. Boyd (Caseworker). Plaintiff sues all defendants in their official capacities.

Plaintiff states that on March 12, 2014 and March 24, 2014, his attorney came to visit him at ERDCC "in order to proceed with and deputation," and was denied access. Specifically, on March 12, 2014, plaintiff was denied access to his attorney because plaintiff's housing unit, 4-B, was told to lockdown by litigation staff, and there were no more caseworker hours open for the rest of the day. On March 24, 2014, there was no litigation coordinator available at ERDCC because of a change in staff, so plaintiff's attorney was told that the facility had no rooms open for attorneys.

For damages, plaintiff seeks an unnamed sum for reimbursement for lost attorney's fees, punitive damages, and "his own legal interests that by completing certain legal maneuver and filing a series of government forms, the litigation arbitrators may entitle himself to the $630,000 (the government created a fictitious person or 'strawman') corresponding to each newborn citizen with bank accounts initially holding $630,000."

On May 7, 2018, plaintiff filed a supplement to his complaint to which he attaches "copies of other grievances (III. Injuries) documents/papers regarding this case No. 4:18-CV-679 AGF." These additional grievances relate to conduct occurring in 2018, four years after the alleged conduct complained of in the complaint. Plaintiff states that in 2018, unnamed litigation case workers "violently and vicious[ly] tried to snatch my [already] approved twice QLC forms out of my left hand and with aggression said that 'she will take that contract and throw it (them) away.'"

### Discussion

In *Bounds v. Smith*, 430 U.S. 817 (1977), the United States Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing adequate law libraries or adequate assistance from persons trained in the law." *Id.* at 828. An inmate alleging a violation of *Bounds* must show actual injury, that is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis v. Casey*, 518 U.S. 343, 348-49 (1996); *see also Klinger v. Dep't of Corr.*, 107 F.3d 609, 617 (8th Cir. 1997) (reversing district court's judgment on access-to-courts claim because inmates did not suffer actual injury or prejudice as a result of denial of access to law library or legal assistance).

Here plaintiff alleges he was twice denied access to his attorney while at ERDCC—the first instance was because of a lockdown, and the second instance was because a change in staff left no litigation coordinator and no rooms open for attorneys. In neither instance does plaintiff show any actual injury to any contemplated or existing litigation as required by the Supreme Court's holding in *Lewis v. Casey*. 518 U.S. at 349. Rather, plaintiff has pointed to two isolated

instances in which his attorney was unable to meet with him because of safety and staffing issues at ERDCC. The Court finds that plaintiff's lack of access to his attorney on two occasions was not attributable to any unconstitutional policy of ERDCC or any unconstitutional action by its staff. For these reasons, on initial review, plaintiff's complaint will be dismissed without prejudice under 28 U.S.C. § 1915(e).

As to plaintiff's supplement, plaintiff alleges that an unnamed litigation coordinator tried to physically take plaintiff's contract for extra law library access away from him. He alleges no injury arising out of this occurrence, for example, plaintiff does not allege he lost the contract or lost any law library time. Presuming plaintiff's supplement seeks to state a claim against defendants, this claim will be dismissed as frivolous, as plaintiff has alleged no constitutional violation, no injury, and no named defendant.

Additionally, naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Id.* For this additional reason, the complaint fails to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $10.00 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name;

(2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[1]

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED as moot**. [ECF No. 3]

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 25th day of July, 2018.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

---

[1] Prisoners must pay the full amount of the $350 filing fee. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10. 28 U.S.C. § 1915(b)(2).